[No. 1537.]

## THE UNION DITCH COMPANY, A CORPORATION, RESPONDENT, v. B. F. LEETE, APPELLANT.

JURISDICTION—JUSTICE COURT—VOID JUDGMENT. Where an action for less than three hundred dollars was brought before a justice of the peace who decided that title to realty was involved, and certified the pleadings to the district court, that court, having found against plaintiff on the causes pleaded, had no jurisdiction to find for him on a cause not pleaded, in which the title to realty was not involved, and which was exclusively within the justice's jurisdiction.

IDEM—SUPREME COURT—VOID JUDGMENT. Where the district court, in a case certified to it from a justice's court, renders judgment on an issue exclusively within the jurisdiction of the justice, the supreme court has no jurisdiction of an appeal from the judgment.

APPEAL from the District Court of the State of Nevada, Washoe county; A. E. Cheney, District Judge:

Action by the Union Ditch Company against B. F. Leete. Case certified from the Justice's Court to the District Court, wherein a judgment was rendered for the plaintiff, and the defendant appeals. Dismissed.

The facts sufficiently appear in the opinion.

*Curler & Curler*, for Appellant:

I. There is no allegation in the complaint that there was a debt due and owing from the defendant to the plaintiff,

and the finding of the court, that the promise to pay the $120 in case no suit was brought, is not supported by any allegation in the complaint. (*Edwards* v. *Baugh*, 11 Mee. & W. 641; *Busby* v. *Conoway*, 8 Md. 55; 1 Parsons on Cont. 539; *Barlow* v. *Ocean Ins. Co.*, 4 Met. 270; *Russell* v. *Cook*, 3 Hill, N. Y. 504; *Williams* v. *Alexander*, 4 Ired. Eq. 207; *Pitkin* v. *Noyes*, 48 N. H. 304.)

II.   If the finding of the court, that plaintiff had failed to prove all but one cause of action in its complaint, and that was the promise to pay the $120, in case no suit was brought, is correct, then the court had no jurisdiction over the subject matter of the action, or to render judgment in said cause.   (Gen. Stats. 3531.)

III.   This act confers original jurisdiction upon the justice court, and the district court being authorized by statute to try cases like the present, on appeal *de novo*, such a trial or examination is an exercise of original, and not of appellate, jurisdiction. (*Marbury* v. *Madison*, 1 Cranch, 175; *Mitchell* v. *Lennox*, 14 Wend. 666; *Townsend* v. *Brooks*, 5 Cal. 52.)

IV.   The justice cannot divest himself of jurisdiction which he possesses, or transfer it to the district court, which does not possess jurisdiction under the constitution, by certifying the pleadings to the clerk of the district court; nor does his determination of the question of jurisdiction in advance of the trial of the cause have the effect of a judgment or conclude that question. (*Arroyo Ditch and Water Co.* v. *Superior Court*, 92 Cal. 47.)

V.   The jurisdiction of the district court in causes transferred to it, under section 539 of the civil practice act, is original, and not appellate, and, if it would have had no jurisdiction if the action had been commenced therein, it can have none by the filing of pleadings certified by the justice of the peace.   It cannot exercise original jurisdiction in those matters in which its jurisdiction is only appellate. (*Arroyo Ditch and Water Co.*, v. *Superior Court*, 92 Cal. 47.)

*Torreyson & Summerfield*, for Respondent:

I.   Respondent has filed in the district court a motion to dismiss this appeal, upon the ground that this court has no

jurisdiction, for the reason that the record fails to disclose that this is a case at law in which is involved the title, or right of possession to, or the possession of, real estate or mining claims, or the legality of any tax, impost, assessment, toll or municipal fine, or in which the demand, exclusive of interest, or the value of the property in controversy exceeds $300.

II. This court will observe from an examination of the record on appeal that this action is simply an action to recover a money judgment against the defendant, and that a judgment was recovered against the defendant, for less than $300, and we submit that, under the statute, this court has no jurisdiction of the subject matter, and the appeal should be dismissed. (Gen. Stats. 2429.)

By the Court, BONNIFIELD, J.:

The plaintiff brought this action in the justice's court of Reno township, in Washoe county, to recover of the defendant the sum of $190. It is alleged, by the complaint, " that the plaintiff is, and at all of the times mentioned in this complaint has been, in the exclusive ownership, possession, management and control of that certain ditch situated in Washoe county, Nevada, known as and called the Union drain ditch; that, within four years immediately preceding the commencement of this action, plaintiff has, at the special instance, request and agreement of defendant, furnished to to defendant the use of its said Union drain ditch, for the purpose of receiving, conducting and carrying away the waste and drainage waters from defendant's land situated in Washoe county, Nevada, and that during said time defendant used plaintiff's said Union drain ditch for the said purpose, and agreed and contracted with plaintiff to pay to plaintiff for the said use the sum of $190, which said sum of $190 remains due and unpaid from defendant to plaintiff."

For second cause of action the allegations are the same as for the first cause, except it is alleged that the defendant agreed to pay plaintiff what the said use of said ditch was reasonably worth, and that said use was and is reasonably worth the sum of $190, instead of alleging that defendant

" agreed and contracted to pay plaintiff for the said use the sum of $190," as alleged in the first cause of action.

The defendant filed a verified answer, which put in issue every allegation of the complaint, and set up an affirmative defense. It appearing to the justice by the answer that title to real estate was necessarily involved in the action, he certified the pleadings to the district court of said county. The case was tried by that court without a jury. The court found against the plaintiff on each cause of action, and, to wit: " That at no time mentioned in plaintiff's complaint did the plaintiff, at the special instance or request of defendant, furnish the defendant the use of its said drain ditch for any purpose whatever, or that the defendant ever had any agreement with the plaintiff in regard to his said drainage water from said land, or that defendant at any time agreed to or promised to pay plaintiff $190 for the use of its said drain ditch, or for the use of any ditch, except as hereinafter stated. And the court, "as hereinafter stated" found, to wit: "That on or about seventy days before the commencement of this action the defendant promised and agreed to pay plaintiff the sum of $120 for the use of its said drain ditch for the years 1894, 1895 and 1896, one-half of said sum to be paid in sixty days, in consideration of no suit being brought against him by plaintiff in that time. No part of said sum was ever paid, and no suit was brought by plaintiff as against defendant in said sixty days."

As conclusions of law, the court found that the plaintiff was " entitled to a judgment against the defendant for the sum of $120, and costs of suit, basing the same on the said finding that defendant promised to pay in consideration of said forbearance to bring suit. Judgment was entered accordingly. From this judgment, and order of court denying his motion for new trial, the defendant appeals.

Counsel for appellant contend that the district court had no jurisdiction of the subject matter of the cause of action on which the judgment was given, it being only a money demand for a sum within the exclusive jurisdiction of the justice's court. Respondent's counsel contend that the supreme court has no jurisdiction of the subject matter of the action on appeal, in that it "is not a case in equity, nor

a case at law, in which is involved the title or right of possession to, or the possession of, real estate or mining claims, or the legality of any tax, impost, assessment, toll, or municipal fine, or in which the demand, exclusive of interest, exceeds three hundred dollars." And he moved to dismiss the appeal on the above grounds.

It will be observed that the court found against the plaintiff on both causes of action set out in the complaint to which the defendant had answered in the justice's court, but found for the plaintiff on a cause of action not pleaded; a cause of action in which the question of title to real estate was not involved, and no other question that the justice could not have properly determined was necessarily involved; a cause of action exclusively within the jurisdiction of the justice's court; a cause of action based solely on the said promise of the defendant to pay the plaintiff the sum of $120 for the use of said ditch for the three calendar years next preceding said promise, in consideration of no suit being brought against him by the plaintiff, etc.   (Last finding of fact.)

When the plaintiff failed to sustain its case as it was brought, it was not simply a question of variance between the allegations of the complaint and proofs, so that it would have been proper to amend the complaint to bring it into harmony with the evidence as may be done in some cases. Such an amendment in this case to make the complaint conform to the proofs on which the finding and judgment were based would have eliminated the question of title to real estate from the case, and ousted the court of jurisdiction, if such amendment would have been, otherwise, proper. As the court would have had no jurisdiction of the subject matter embraced in such amendment, certainly said proofs alone conferred none.

We are clearly of opinion that the district court had no jurisdiction of the subject matter of the cause of action on which judgment was given, and that the supreme court had no appellate jurisdiction of said judgment.

The appeal is dismissed, on the grounds stated in respondent's motion to dismiss, and the appellant is left to such appropriate remedy as he may be advised for relief against said judgment.